PER CURIAM. There was evidence to support the findings of fact by the Industrial Commission, and the conclusion of the Commission that the injury did not arise out of the employment was upheld by the Superior Court. In this we concur. The judgment below is

Affirmed.

MRS. MARGARET W. WRIGHT v. FOREST HILL COUNCIL No. 49, JUNIOR ORDER OF UNITED AMERICAN MECHANICS; BUFORD CRANFILL, J. A. SIMPSON, S. C. CASS, AND T. F. WHITTINGTON.

(Filed 2 November, 1938.)

APPEAL of defendants from Warlick, J., at June Term, 1938, of CABARRUS. Affirmed.

The plaintiff, Mrs. Margaret W. Wright, widow of J. H. Wright, brought this action against Forest Hill Council No. 49, Junior Order of United American Mechanics, and codefendants, to recover $250.00 which she alleged was due her as a balance of the proceeds of an insurance policy, and death benefits, on the life of her husband, which she further alleges was received by all of the defendants and wrongfully appropriated to other uses. The evidence tended to show that the local Council received $1,000.00 on account of the death of Wright, which was deposited in the treasury of the Council, and $750.00 paid to Mrs. Wright.

When the insurance checks of the National Council came to the local Council, No. 49, the treasurer of that Council had to endorse them, and the councilor and recording secretary verified upon the checks that the person endorsing as treasurer was in fact treasurer of the Council. In this instance the check was endorsed by the defendant Cass, treasurer, Simpson, recording secretary, and Cranfill, councilor. After deposit, it became necessary for any withdrawal check to be drawn by the recording secretary and signed by the councilor and presented to and paid by the treasurer, either in cash or by drawing a check on the funds of the local Council.

The funds received on account of the death of Mr. Wright were commingled with the common funds of the local Council, and the balance of $250.00, which was not paid to Mrs. Wright, was paid to the National Council in order to keep up the dues of the local Council and keep it in good standing.

The evidence tends to show that none of the money was used by any of the Council's codefendants for his own benefit.

On the trial of the case a nonsuit was entered as to the defendant Whittington, and motion for judgment as of nonsuit overruled as to the other defendants. The trial resulted in a verdict and judgment for the plaintiff for $250.00 and interest, and defendants appealed.

*H. S. Williams* for plaintiff, appellee.
*Hartsell & Hartsell* for defendants, appellants.

PER CURIAM. We have carefully examined the record and the exceptions of the defendants and find no error. The judgment of the court below is therefore
Affirmed.

RUTH FOX ALLRED, EXECUTRIX OF MILLARD H. ALLRED, DECEASED, v. HIGH POINT, RANDLEMAN, ASHEBORO AND SOUTHERN RAILROAD, AND THE SOUTHERN RAILWAY COMPANY.

(Filed 2 November, 1938.)

APPEAL by defendants from *Warlick, J.,* at March Term, 1938, of RANDOLPH. Affirmed.

This is an action for actionable negligence, for death of plaintiff's testate, brought by plaintiff against the defendants, alleging damage. The complaint was duly verified and filed at the time summons was issued, and a copy thereof was served with the summons on each of the defendants. The defendants in apt time, before answering or demurring, and before any extension of time to plead was granted, moved before the clerk of the Superior Court, upon due notice to the plaintiff, to strike from the complaint certain allegations thereof, specifically designated in its motion to strike, reduced to writing and filed in the cause in accordance with the statute.

The clerk of the Superior Court, upon the hearing before him, denied said motion and refused the defendants any part of the relief demanded. The defendants, in apt time and upon due notice to the plaintiff, appealed to the judge of the Superior Court from the judgment of the clerk.

Upon such hearing his Honor, Wilson Warlick, Judge, granted a part and denied a part of the relief by said motion demanded, and entered the order as appears in the record. To the entry of said order the defendants excepted, assigned error and appealed to the Supreme Court. This constitutes the defendants' only exception and assignment of error.

*Moser & Miller and J. A. Spence* for plaintiff.
*W. T. Joyner and H. M. Robins* for defendants.